Peter R. Ginsberg Law, LLC v J&J Sports Agency, LLC (2020 NY Slip Op 01468)





Peter R. Ginsberg Law, LLC v J&J Sports Agency, LLC


2020 NY Slip Op 01468


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11174 161430/17

[*1] Peter R. Ginsberg Law, LLC, Plaintiff-Respondent,
v
J & J Sports Agency, LLC, et al., Defendants-Appellants.


Miller Law Office, PLLC, Lynbrook (Scott J. Farrell of counsel), for appellants.
Sullivan & Worcester LLP, New York (Peter R. Ginsberg of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 24, 2018, which granted plaintiff's motion for summary judgment in lieu of complaint, pursuant to CPLR 3213, on liability, and denied defendants' cross motion to dismiss, unanimously modified, on the law, to deny plaintiff's motion and remand the matter for conversion to a plenary action, and otherwise affirmed, without costs.
Plaintiff's motion for summary judgment in lieu of complaint should have been denied. The invoices do not qualify for CPLR 3213 relief because it is necessary to consult extrinsic evidence aside from the invoices and proof of nonpayment in order for plaintiff to establish its entitlement to summary judgment on its account stated claim (see PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 495 [1st Dept 2017]). Plaintiff has failed to establish, based on the invoices themselves, that defendants, as opposed to nonparty Impact Sports, are liable based on an account stated claim.
Defendants are not entitled to dismissal of the action based on the statute of frauds (GOL § 5-701[a][2]) as plaintiff has sufficiently alleged that there was new consideration flowing from plaintiff to defendants, which is an exception to the requirement that a promise to pay the debt for another be in writing (Carey & Associates v Ernst, 27 AD3d 261 [1st Dept 2006]).
Moreover, Levine and Sutton have not established that the action should be dismissed as against them as a matter of law.
We have considered defendants' remaining arguments and find them unavailing.
Based on the foregoing, the matter should be converted to a plenary action and remanded to the court for further proceedings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK